UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>    Defendant. | Civil Action No.: 6:20-cv-00812-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JUNIPER NETWORKS, INC.'S ANSWER AND COUNTERCLAIMS**

## ANSWER

## NATURE OF THE ACTION

1. Juniper admits that Brazos purports to bring a civil action for patent infringement arising under the patent laws of the United States.

## THE PARTIES

2. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2, and therefore denies them.

3. Juniper admits that it is a Delaware corporation. Juniper further admits that it has a small sales office located at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746, within the Western District of Texas. Juniper further admits that it may be served through its designated agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201. Juniper further admits that it is registered to do business in the State of Texas and has been since at least April 27, 2017. Juniper denies any remaining allegations in paragraph 3.

## JURISDICTION AND VENUE

4. Juniper admits that Brazos purports to bring a claim for patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction over patent law claims.

5. Juniper denies that this Court has general personal jurisdiction over it, but admits—for purposes of this action only—that this Court has specific personal jurisdiction over it. Juniper denies that it has committed acts of infringement within the Western District of Texas, or any other District, and further denies any remaining allegations in paragraph 5.

6. Juniper admits that it is registered to do business in the State of Texas, has offices in the State of Texas, and has transacted business in the Western District of Texas. Juniper further admits that it has a small sales office located at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746, within the Western District of Texas. Juniper denies any remaining allegations in paragraph 6.

7. Juniper denies that venue is proper and denies that it has committed any acts of infringement in the Western District of Texas. Juniper further submits that this venue is not convenient and that the interests of justice and the convenience of the parties warrant transfer under 28 U.S.C. § 1404(a) to the Northern District of California. Juniper denies any remaining allegations in paragraph 7.

8. Juniper admits that it is registered to do business in the State of Texas, has offices in the State of Texas, and has transacted business in the Western District of Texas. Juniper further admits that it has a small sales office located at 1120 South Capital of Texas Highway, Suite 120, First Floor, Building 2, Austin, Texas 78746, within the Western District of Texas. Juniper denies any remaining allegations in paragraph 8.

9. Juniper admits that it maintains a small sales office at 5830 Granite Pkwy #850, Plano, Texas 75024.  Juniper denies any remaining allegations in paragraph 9.

10. Juniper admits the allegations of paragraph 10.

11. Juniper admits that it markets, sells, and offers to sell its products to customers and end users located in this District.  Juniper denies that it has committed acts of infringement within the Western District of Texas, or any other District, and further denies any remaining allegations in paragraph 11.

12. Juniper admits the allegations of paragraph 12.

**COUNT 1 (ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,382,781)**

13. Paragraph 13 contains no allegations that require a response.

14. Juniper denies that the '781 Patent was duly and legally issued.  As to the remainder of the allegations of paragraph 14, Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

15. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 15 and therefore denies them.

16. Juniper admits that it makes and sells products including QFX Series Switches, EX Series Switches, MX Series 5G Universal Routing Platform, NFX Series Network Services Platform, and SRX Series Services Gateways (the "Accused Products").  Juniper further admits that the Accused Products run Juniper's Junos OS operating system.  As to the remainder of the allegations of paragraph 16, Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

17. Juniper admits the allegations of paragraph 17.

18. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 18 and therefore denies them.

19. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 and therefore denies them.

20. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 and therefore denies them.

21. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 21 and therefore denies them.

22. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 and therefore denies them.

23. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 and therefore denies them.

24. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 and therefore denies them.

25. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 25 and therefore denies them.

26. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 26 and therefore denies them.

27. Juniper denies the allegations of paragraph 27 and specifically denies that it has committed any acts of infringement.

28. Juniper denies the allegations of paragraph 28 and specifically denies that it has committed any acts of infringement.

29. Juniper lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 and therefore denies them.

30. Juniper denies the allegations of paragraph 30 and specifically denies that it has induced any acts of infringement.

31. Juniper denies the allegations of paragraph 31 and specifically denies that it has induced any acts of infringement.

32. Juniper denies the allegations of paragraph 32 and specifically denies that it has contributed to any acts of infringement.

33. Juniper denies the allegations of paragraph 33 and specifically denies that it has contributed to any acts of infringement.

34. Juniper denies the allegations of paragraph 34 and specifically denies that it has contributed to any acts of infringement.

35. Juniper denies the allegations of paragraph 35, specifically denies that it has committed any acts of infringement, and further specifically denies that Brazos has suffered any damages.

## JURY DEMAND

Juniper admits that Brazos sets forth a demand for a trial by jury. Juniper likewise demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

The paragraphs under the "Prayer for Relief" heading set forth the statement of relief requested by Brazos, to which no response is required. Juniper denies that it has committed any acts of infringement, further denies that Brazos is entitled to any of the requested relief, and denies any allegations in these paragraphs.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Juniper alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Juniper specifically reserves all rights to allege additional affirmative defenses, at law or in equity, that may exist now or may be available in the future based on discovery and further investigation in this action.

### FIRST DEFENSE: NON-INFRINGEMENT

1. Juniper does not infringe and has not infringed, either literally or under the doctrine of equivalents, and is not liable for infringement of, any valid and enforceable claim of the '781 Patent, including under the reverse doctrine of equivalents.

### SECOND DEFENSE: INVALIDITY

2. The claims of the '781 Patent are invalid and unenforceable for failure to comply with the conditions for patentability under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE: PROSECUTION HISTORY ESTOPPEL

3. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicant during the prosecution of the patent applications that led to the issuance of the '781 Patent, Brazos's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel.

### FOURTH DEFENSE: EQUITABLE DEFENSES

4. On information and belief, all or some of Brazos's claims for relief are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, promissory estoppel, patent misuse, unfair competition, unclean hands, and/or other equitable remedies.

### FIFTH DEFENSE: DAMAGES LIMITATIONS

5. On information and belief, Brazos's claims for relief are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287 and/or 288. To the extent that Brazos, its predecessors, or any of their licensees of the '781 Patent failed to properly mark any relevant products or materials as required by 35 U.S.C. § 287, Brazos's damages are barred, in whole or in part.

### SIXTH DEFENSE: LICENSE

6. To the extent the '781 Patent has been licensed to Juniper customers or suppliers or other third-parties, Brazos's claims are barred, in whole or in part, by express license, release, and/or under the doctrines of implied license, patent exhaustion, and/or the single recovery rule.

### SEVENTH DEFENSE: GOVERNMENT SALES

7. Brazos's claims for relief and prayer for damages are limited by 28 U.S.C. § 1498.

### REQUEST FOR RELIEF

WHEREFORE, Juniper respectfully requests that the Court enter judgment in its favor and against Brazos as follows:

1) Dismissing, with prejudice, Brazos's claims against Juniper;

2) Denying all relief that Brazos seeks in its complaint and all amendments thereto;

3) Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Juniper its costs and attorney fees; and

4) Awarding any other relief the Court deems just and equitable.

## COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Counterclaim Plaintiff Juniper Networks, Inc. ("Juniper") hereby alleges and asserts the following Counterclaims against Counterclaim Defendant WSOU Investments, LLC d/b/a/ Brazos Licensing and Development ("Brazos").

## THE PARTIES

1. Counterclaim Plaintiff Juniper is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1133 Innovation Way, Sunnyvale CA, 94089.

2. On information and belief, Counterclaim Defendant Brazos is a limited liability company formed under the laws of the State of Delaware, with its purported principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. This Court has subject matter jurisdiction over Juniper's Counterclaims under 28 U.S.C. §§ 1331 1338, 2201, and 2202. An actual controversy exists under the Declaratory Judgment Act because Brazos alleges that Juniper has infringed and is infringing U.S. Patent No. 7,382,781 ("the '781 Patent"), and Juniper denies those allegations.

4. This Court has personal jurisdiction over Brazos at least by virtue of Brazos's consent to the personal jurisdiction of this Court by the filing of the Complaint against Juniper in this Court.

5. For purposes of Juniper's Counterclaims set forth herein, venue is proper in this district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because: (1) this action was filed in this district

by Brazos and Brazos has thus submitted to personal jurisdiction in this Court and has consented to this venue; and (2) the present Counterclaims are in response to the allegations raised in Brazos's Complaint.

### COUNT 1: DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,382,781

6.  Juniper repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

7.  On September 4, 2020, Brazos filed a Complaint alleging patent infringement claims against Juniper.

8.  Brazos's Complaint alleges that Juniper infringes at least Claim 18 of the '781 Patent even though Juniper has not infringed, contributed to the infringement, or induced the infringement of Claim 18 or any other claim of the '781 Patent.

9.  An actual, continuing and justiciable controversy exists between Juniper and Brazos as to Juniper's non-infringement of all claims of the '781 Patent as evidenced by Brazos's Complaint and Juniper's Answer, as set forth above. Absent a declaration of non-infringement, Brazos will continue to wrongfully assert the '781 Patent against Juniper, and will continue to cause Juniper injury and damage.

10. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Juniper requests a judicial determination and declaration that Juniper does not and has not infringed, contributed to the infringement of, or induced infringement of any claim of the '781 Patent either literally or under the doctrine of equivalents, willfully, or in any other manner.

## COUNT 2: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,382,781

11. Juniper repeats and alleges its responses to the preceding paragraphs with the same force and effect as if fully restated herein.

12. Due to Brazos's filing of the Complaint, an actual controversy exists between Juniper and Brazos as to the validity of the '781 Patent.

13. The claims of the '781 Patent are invalid, in whole or in part, for failure to meet one or more requirements of Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

14. Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Juniper requests a judicial determination and declaration that the claims of the '781 Patent are invalid.

## REQUEST FOR RELIEF

WHEREFORE, Juniper respectfully requests that the Court enter judgment in its favor and against Brazos as follows:

A. Dismissing, with prejudice, Brazos's Complaint against Juniper;

B. Denying all relief that Brazos seeks in its Complaint and any amendments thereto;

C. Entering judgment in favor of Juniper and against Brazos on Juniper's Counterclaims;

D. Entering a declaratory judgement that Juniper does not and has not infringed, contributed to the infringement of, or induced infringement of any valid and enforceable claim of the '781 Patent;

E. Entering a declaratory judgment that the claims of the '781 Patent are invalid;

F. Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Juniper its costs and attorney fees; and

G. Awarding any other relief the Court deems just and equitable.

DATED:  November 16, 2020                Respectfully submitted,

                                                By       /s/ B. Russell Horton
                                                    B. Russell Horton
                                                    rhorton@gbkh.com
                                                    George Brothers Kincaid & Horton LLP
                                                    114 West 7th Street, Suite 1100
                                                    Austin, TX 78701
                                                    Telephone: (512) 495-1400
                                                    Facsimile: (512-499-0094

                                                    Kevin P.B. Johnson
                                                    kevinjohnson@quinnemanuel.com
                                                    Todd Briggs (admission pending)
                                                    toddbriggs@quinnemanuel.com
                                                    Margaret Shyr (*pro hac vice* application to be filed)
                                                    margaretshyr@quinnemanuel.com
                                                    Joseph E. Reed (*pro hac vice* application to be filed)
                                                    joereed@quinnemanuel.com
                                                    Quinn Emanuel Urquhart & Sullivan, LLP
                                                    555 Twin Dolphin Drive, 5th Floor
                                                    Redwood Shores, CA 94065
                                                    Telephone: (650) 801-5000
                                                    Facsimile: (650) 801-5100

                                                    Nima Hefazi (*pro hac vice* application to be filed)
                                                    nimahefazi@quinnemanuel.com
                                                    Pushkal Mishra (*pro hac vice* application to be filed)
                                                    pushkalmishra@quinnemanuel.com
                                                    Quinn Emanuel Urquhart & Sullivan, LLP
                                                    865 South Figueroa Street, 10th Floor
                                                    Los Angeles, CA 90017
                                                    Telephone: (213) 443-3000
                                                    Facsimile: (213) 443-3100

                                                    *Counsel for Defendant*
                                                    *Juniper Networks, Inc.*