**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.,<br><br>Defendant. | Nos. 6:20-cv-00812-ADA<br>       6:20-cv-00813-ADA<br>       6:20-cv-00814-ADA<br>       6:20-cv-00815-ADA<br>       6:20-cv-00816-ADA<br>       6:20-cv-00902-ADA<br>       6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED** |

**BRAZOS'S OPPOSITION TO JUNIPER NETWORKS, INC.'S MOTION TO STAY**

I.      INTRODUCTION

This Court has already denied Juniper's request to stay these cases pending the resolution of its motion to transfer, and no circumstances have changed that warrant revisiting that decision. Juniper's motion is, therefore, an improper motion for reconsideration, and should be denied for that reason alone.[1] In addition, the Court has told the parties that it is working diligently to resolve Juniper's motion to transfer (which is not yet fully briefed) before the *Markman* hearing. Juniper's position that a stay is mandatory is not correct, nor can Juniper show that the discretionary factors favor a stay.

II.     **JUNIPER CANNOT CARRY ITS HEAVY BURDEN TO SHOW A STAY IS WARRANTED**

District courts possess an inherent power to manage their own docket, including the discretionary power to decide whether or not to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *see also In re Int'l Med. Prosthetics Res. Assocs., Inc.*, 739 F.2d 618, 621 (Fed. Cir. 1984) ("Absent some overwhelming legal requirement or showing of manifest injustice, this court will not intervene in a district court's management of its calendar or scheduling of events in a matter before that court."). Stays are not awarded as a matter of right. *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, Case No. 2:17-CV-235, 2018 WL 2722051, at *2 (E.D. Tex. June 6, 2018). Indeed, the Supreme Court has cautioned that stays are "an intrusion into the ordinary processes of administration and judicial review." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

---

[1] "[T]here are three primary grounds for reconsideration: (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) manifest error of law or fact." *Doss v. Morris*, Case No. 11-CV-116, 2013 WL 12291910, at *2 (W.D. Tex. Nov. 1, 2013) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). None of these grounds are applicable here.

Juniper bears the heavy burden to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Neodron Ltd. v. Dell Techs. Inc.*, Case No. 1:19-CV-819, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (Albright, J.) (citing *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984)). Even when a dispositive motion is pending, the presumption is that the case will proceed notwithstanding that motion unless the movant can show "good cause" for a stay. *See Health Choice Grp., LLC v. Bayer Corp.*, Case No. 5:17-CV-126, 2018 WL 5728515, at *2 (E.D. Tex. Apr. 25, 2018).

In determining whether a stay is proper, courts in this District consider: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, Case No. 1:17-CV-342, 2018 WL 2122868, at *1 & n.1 (W.D. Tex. Jan. 8, 2018).

### A.   The Law Does Not Require a Stay

Juniper is not entitled to a stay merely because it filed a non-dispositive motion to transfer. Juniper does not cite any controlling authority that shows otherwise. Instead, Juniper cites to circuit court decisions that advise district courts to prioritize resolution of transfer motions while exercising their discretion in managing their dockets. *See* Mot. at 3-4 (citing *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003); *In re Apple Inc.*, 979 F.3d 1332, 1337–38 (Fed. Cir. 2020)).

Juniper's reliance on the Federal Circuit's non-precedential decision in *SK Hynix* is similarly misguided. The decision to stay the substantive proceedings in that case turned solely on the specific facts at issue—*i.e.*, the motion to transfer had been fully briefed and awaiting decision for eight months, and the hearing on the motion was scheduled to occur imminently

2

(thus the stay was likely to last only a few days). *In re SK Hynix Inc.*, No. 2021-113, Dkt. 10 at 2–3 (Fed. Cir. Feb 1, 2021). Although the Federal Circuit reiterated its preference for district courts to give priority to resolving transfer motions, it did not eliminate a district court's discretion to manage its own docket, nor did it hold that a court *must* stay a case whenever a transfer motion is pending.

Here, this Court said it is giving due priority to Juniper's motion to transfer. *See* 2/4/2021 E-mail from H. Santasawatkul:

> **From:** Hannah Santasawatkul <■■■■■■■■■■■■■■■■■■■■■>
> **Sent:** Thursday, February 4, 2021 11:06 AM
> **To:** Russ Horton
> **Cc:** TXWDml_LawClerks_WA_JudgeAlbright; Todd Briggs; Joseph E. Reed; Kevin Johnson; Nima Hefazi; Messing, Alessandra C.; Stein, David M.; Naughton, Edward J.; Hartman, Sarah G.; Rousseau, Timothy J.; Ray Mort; Kelly Seabolt
> **Subject:** RE: Case 6:20-cv-00812-ADA WSOU Investments LLC v. Juniper Networks, Inc.- Motion to Stay and Motion to Expedite
>
> Good morning Counsel,
>
> Thank you for your email, the Court is aware of your pending Motion to Transfer and the Motion to Stay and Expedite. I assure you we are working diligently to address the Motion to Transfer and that it will be resolved before your Markman hearing scheduled for June 3, 2021.
>
> Please let me know if you have any other questions.
>
> Best,
> Hannah

Also, when the Court first denied Juniper's request for a stay pending its transfer motion, it explained that "[t]he Court's typical process is to resolve motions-to-transfer as expeditiously as possible," and "[a]s such, the Court allows the claim construction process to move forward while the Court works on that motion." *See* 12/11/2020 E-mail from J. Yi:

3

> **From:** Joshua Yi <​█████████████████>
> **Sent:** Friday, December 11, 2020 3:59 PM
> **To:** Ray Mort; Todd Briggs; Hannah Santasawatkul
> **Cc:** Messing, Alessandra C.; rhorton@gbkh.com; Stein, David M.; Naughton, Edward J.; Lecaroz, Rebecca MacDowell; Hartman, Sarah G.; Rousseau, Timothy J.; Kevin Johnson; Margaret Shyr; Joseph E. Reed; Nima Hefazi; Pushkal Mishra
> **Subject:** RE: WSOU v. Juniper - CRSR (Case No. 6:20-cv-812, 813, 814, 815, and 816
>
> Counsel,
>
> Thank you for quickly following up and providing the updated CRSR. The Court appreciates it.
>
> With respect to the pre-Markman issues that the parties raised:
>
> 1) **Decide motion to transfer before engaging in claim construction process**: The Court's typical process is to resolve motions-to-transfer as expeditiously as possible. As such, the Court allows the claim construction process to move forward while the Court works on that motion.
> 2) **Schedule for PICs**: In light of the holidays, the Court believes that a 1 week extension to both the preliminary infringement and invalidity contentions is warranted. Therefore, Plaintiff's PICs will be due on December 21 while Defendant's PIC will be due on February 15. Please note that this will not change the CMC date.
> 3) **Claim narrowing**: As an initial matter, 23 claims from a single patent does not seem to be particularly excessive. Furthermore, because the Court's current OGP has specific deadlines to reduce the number of asserted claims, the Court does not believe it is necessary to order Plaintiff to do so at this time.
> 4) **Consolidation of cases**: For all pre-trial purposes, the Court will (soft, *i.e.*, informally) consolidate these cases. Therefore, for Markman purposes, the parties should adhere to the term and page limits applicable to the total number of patents across all cases.
>
> As there do not appear to be any more pre-Markman issues, the Court will cancel the CMC. It will still be deemed to have occurred on 12/21. To the extent you have not already done so, please file an amended proposed scheduling order.
>
> -Josh

The facts here are significantly different from *SK Hynix*. Unlike in *SK Hynix*, where the motion to transfer had been fully briefed for eight months, Juniper's Motion has been pending for only about two months, and it is not yet fully briefed. The parties are presently engaging in permitted venue discovery pursuant to the Court's Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, and Brazos's opposition brief is not yet due. Indeed, Juniper has caused delay in briefing on its motion to transfer by refusing to provide substantive information and documents in response to Brazos's discovery requests.[2] Juniper's request for a stay is both unwarranted and premature.

---

[2] In response to 12 of the 17 interrogatories and 16 of the 24 requests for production served by Brazos, Juniper merely provided the same quotation from the declaration submitted along with its motion to transfer, which does not answer the requests posed by Brazos or provide any information that was not already available as part of Juniper's motion to transfer, including any evidence to support the statements made in Juniper's declaration. Juniper refused to provide any response whatsoever to another 6 of Brazos's requests for production. Juniper said it would produce documents responsive to just 2 of Brazos's requests for production, but it has yet to do so. In the interests of cooperation, Brazos recently provided Juniper with a narrowed list of

4

**B.     None of the Discretionary Factors Favors a Stay**

    **1.     Brazos Will Be Prejudiced by a Stay**

Brazos will suffer significant prejudice if a stay is granted, and Juniper has failed to show otherwise. Brazos has a manifest right to a speedy jury trial on its infringement claims. Staying the case and delaying the schedule would unnecessarily delay Brazos's vindication of its patent rights and its opportunity to recover damages from Juniper, while permitting Juniper's infringement to continue unabated.

The Court has already entered a Scheduling Order in this case, which set a *Markman* hearing for June 3, 2021 and a trial date of July 11, 2022. Dkt. 38. Brazos already served its preliminary infringement contentions, on December 21, 2020, and is awaiting Juniper's preliminary invalidity contentions on February 16, 2021. *Id.* Thus, a stay would provide Juniper with several additional months to prepare its invalidity contentions.

The parties are preparing to begin claim construction. The prejudice to Brazos that would result from even a short delay is clear—the current case schedule would be destroyed, and Juniper will be able to further delay litigating this case, including delaying preparing its invalidity contentions (which it would be required to do on a similar timetable even if these cases were proceeding in N.D. Cal.).

Juniper's only argument is that this type of prejudice to Brazos is insufficient to defeat a motion to stay. Mot. at 4–5. But Juniper ignores that it is Juniper's heavy burden to show that Brazos would not suffer any hardship or inequity—something it has failed to do. *See Neodron*,

---

information and documents it would accept in response to its discovery requests, but Brazos is still awaiting a response from Juniper with substantive information and documents. Brazos also served a Rule 30(b)(6) deposition notice and is working to schedule the required meet and confer and deposition(s). Brazos still hopes to be able to resolve the parties' disputes amicably, but, if necessary, will seek the Court's assistance per the Standing Order.

2019 WL 9633629, at *1.  Juniper's citation to out-of-circuit authority on this point is unpersuasive, including *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-CV-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015), which actually found that this same prejudice to the plaintiff weighed against a stay.

Finally, Juniper's contention that courts routinely grant motions to stay pending resolution of transfer motions is inconsistent with the law.  *Compare* Mot. at 5 (citing a single case from 2013) *with Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, Case No. 3:08-CV-774, 2008 WL 2930482, at *1 (N.D. Tex. Jul. 23, 2008) ("a stay is the exception rather than the rule"); *see also Xenex Healthcare Servs., LLC v. LaRochelle*, Case No. 5:17-CV-328, 2017 WL 11236966, at *3 (W.D. Tex. Apr. 27, 2017) (same); *Hernandez v. Baylor Univ.*, Case No. 6:16-CV-69, 2016 WL 9450693, at *2 (W.D. Tex. Sept. 21, 2016) (same).  Thus, this factor does not favor a stay.  *See, e.g.*, *Realtime Data LLC v. Actian Corp.*, Case No. 6:15-CV-463, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) (finding that a stay would prejudice the plaintiff because plaintiff "has an interest in the timely enforcement of its patent rights").

### 2. Juniper Will Not Suffer Harm or Inequity Absent a Stay

Juniper also cannot show it will suffer harm in the absence of a stay.  The typical costs associated with discovery and defending a suit are not sufficient.  *See Kaneka Corp. v. JBS Hair, Inc.*, Case No. 3:10-CV-1430, 2011 WL 13167931, at *1 (N.D. Tex. Mar. 30, 2011) (denying stay, noting that moving party "need[s] to show some level of undue burden that results from the nature of the case.  Ordinary discovery deadlines, without more, does not give rise to an undue burden.").

Juniper's motion to transfer is not a motion to dismiss. So, even if the transfer motion is granted,[3] these lawsuits will continue, and Juniper will still be obligated to meet the same claim construction and discovery obligations. Indeed, the claim construction process will occur whether the cases proceed here or in California, and the substantive issues of infringement, validity, and damages will be the same. There is no reason why transfer of the cases should alter Juniper's invalidity contentions or the parties' claim construction positions. Thus, even if the cases are transferred, continuing to proceed now will permit the cases to be transferred with most or all of the same required claim construction briefing complete and ready for a determination in either W.D. Tex. or N.D. Cal. Juniper will not be required to perform work here that it would not also be required to do if the cases are ultimately transferred. Denial of a stay thus provides efficiency to both parties and does not prejudice Juniper.

In addition, if these actions were originally pending in N.D. Cal., with a CMC on the same date (December 21, 2020), Juniper's invalidity contentions would be due on February 18, 2021, just two days after the current deadline (February 16, 2021). *See* N.D. Cal. Patent Local Rule 3-1 (invalidity contentions are due 45 days after service of infringement contentions, which are due 14 days after the CMC), *available at* https://www.cand.uscourts.gov/wp-content/uploads/local-rules/patent-local-rules/Patent_Local_Rules_11-2020.pdf. The other upcoming claim construction deadlines would be similar, too. *See, e.g., id.* at Rule 4-1 (an exchange of proposed terms for construction is due 14 days after service of invalidity contentions, *i.e.*, March 4

---

[3] Juniper's arguments on the merits of its transfer motion (Mot. at 2) are insufficient to justify a stay. *See Health Choice Grp*, 2018 WL 5728515, at *2 (stay not permitted "merely because defendant believes it will prevail on its motion to dismiss"). They are also overstated. As Brazos will explain in its opposition brief, Brazos's headquarters are in this District, Juniper has an office in this District, and acts giving rise to these actions take place in this District.

compared to February 22 here), Rule 4-2 (exchange of proposed constructions due 21 days after exchange of proposed terms for construction, *i.e.*, March 25 compared to March 8 here).

Accordingly, Juniper will not be prejudiced by having to satisfy the same substantive claim construction obligations, on approximately the same timetable, as it would if the cases were pending in N.D. Cal. In the meantime, the parties will be able to complete venue discovery and briefing on the motion to transfer, in accordance with this Court's Standing Order. Thus, this factor does not favor a stay. *See Evolutionary Intelligence LLC v. Facebook, Inc.*, Case Nos. 6:12-CV-784, -792, -794, 2013 WL 12144118, at *2 (E.D. Tex. Feb. 27, 2013) (denying motion to stay pending motion to transfer for failure to identify any hardship or inequity that would result absent a stay).

### 3. A Stay Would Not Conserve Judicial Resources

Juniper argues that this Court should not invest time and resources into claim construction if another court will ultimately decide the merits (Mot. at 5-6), but that is unavailing. This Court has already confirmed it will resolve Juniper's transfer motion before the *Markman* hearing, and, therefore, up until that point, only the parties will need to expend time and resources on claim construction obligations—obligations the parties must satisfy regardless of venue. Thus, this factor does not favor a stay.

### III. CONCLUSION

*SK Hynix* did not change the law, nor did it make a stay pending resolution of a motion to transfer mandatory. Juniper cannot carry its heavy burden to show a stay is warranted in this case. All three factors weigh against a stay, so Juniper's motion should be denied.

Dated: February 10, 2021                              Respectfully submitted,

                                                     */s/Raymond W. Mort, III*
                                                     Raymond W. Mort, III

Texas State Bar No. 00791308
raymort@austinlaw.com
THE MORT LAW FIRM, PLLC
100 Congress Avenue, Suite 2000
Austin, Texas 78701
tel/fax: (512) 677-6825

David M. Stein
Texas State Bar No. 797494
dstein@brownrudnick.com
Sarah G. Hartman
California State Bar No. 281751
shartman@brownrudnick.com
BROWN RUDNICK LLP
2211 Michelson Drive, 7th Floor
Irvine, California 92612
telephone:   (949) 752-7100
facsimile:   (949) 252-1514

Edward J. Naughton
(admitted *pro hac vice*)
enaughton@brownrudnick.com
Rebecca MacDowell Lecaroz
(admitted *pro hac vice*)
rlecaroz@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, Massachusetts 02111
telephone:   (617) 856-8200
facsimile:   (617) 856-8201

Alessandra C. Messing
(admitted *pro hac vice*)
amessing@brownrudnick.com
Timothy J. Rousseau
(admitted *pro hac vice*)
trousseau@brownrudnick.com
Yarelyn Mena
(admitted *pro hac vice*)
ymena@brownrudnick.com
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
telephone:   (212) 209-4800
facsimile:   (212) 209-4801

*Counsel for Plaintiff*
*WSOU Investments, LLC d/b/a*
*Brazos Licensing and Development*