UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>Defendant. | Civil Action No.: 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00816-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF ITS MOTION TO TRANSFER**

**I.      INTRODUCTION**

Brazos's Opposition ("Opp.") to Juniper's Motion to Stay Proceedings Pending Resolution of its Motion to Transfer ("Mot.") fails to distinguish the recent (and controlling) *SK Hynix* case and fails to rebut Juniper's analysis of why the discretionary factors warrant a stay. Juniper thus respectfully requests that the Court grant its motion and stay all non-venue-related case deadlines until it rules on Juniper's motion to transfer.

**II.     BRAZOS'S ATTEMPT TO AVOID *SK HYNIX* FAILS**

Brazos does not dispute that both the Fifth and Federal Circuits have repeatedly "advise[d] district courts to prioritize resolution of transfer motions." Opp. at 2. Nor does Brazos attempt to distinguish *Apple*, in which the Federal Circuit squarely stated that resolving a pending transfer motion "should unquestionably take top priority" and that it is improper for a district court to instead "barrel[] ahead on the merits" while such a motion is pending. *In re Apple Inc.,* 979 F.3d 1332, 1337–38 (Fed. Cir. 2020). And Brazos cannot deny that, earlier this month, the Federal Circuit ordered that this Court "***must*** stay all proceedings concerning the substantive issues in the

case until such time that it has issued a ruling on the transfer motion." *In re SK Hynix Inc.*, Case No. 2021-113, Dkt. 10 at 3 (Fed. Cir. Feb 1, 2021) (emphasis added).

Rather, Brazos unsuccessfully tries to distinguish *SK Hynix*, relying primarily on the fact that the transfer motion in *SK Hynix* had been on the docket for eight months rather than the two and a half months Juniper's motion has been pending. Opp. at 4. But Brazos ignores that its interpretation of the case schedule virtually guarantees a similar delay to the one the *SK Hynix* court found required a stay. As Juniper's Motion pointed out (Mot. at 3), under Brazos's view of the case schedule, Juniper's transfer motion would likely not be heard (let alone decided) until late June at the earliest. Brazos's opposition to Juniper's motion would be due June 8, Juniper's reply on June 15, and the motion would be resolved sometime after that. *See id.* Thus, even assuming the Court decides Juniper's transfer motion within a week or two of the completion of briefing, the delay in resolving that motion will be at least seven months.[1] This case is thus barreling toward—and, under Brazos's interpretation of the case schedule, will inevitably reach—exactly the sort of "egregious delay" that led the Federal Circuit to find that the district court "must stay all proceedings concerning the substantive issues in the case until such time that it has issued a ruling on the transfer motion."

Brazos also asserts that the Federal Circuit's decision to order an immediate stay turned on the fact that "the hearing on the motion was scheduled to occur imminently (thus the stay was likely to last only a few days)." Opp. at 2-3. While the Federal Circuit relied on the imminent

---

[1] Brazos has no incentive to speed things along, and indeed a large number of the discovery requests it references (Opp. at 4, n.2) were overbroad and had nothing to do with the issues presented by Juniper's transfer motion. Those requests appeared to be calculated to force Juniper to choose between responding to burdensome and irrelevant discovery or allowing Brazos to continue to delay responding to Juniper's motion. Nonetheless, Juniper is working with Brazos in good faith to narrow the requests.

hearing in denying SK Hynix's request to direct the district court to act on its transfer motion, there is nothing in *SK Hynix* remotely suggesting that the upcoming hearing had anything to do with the court's decision to order a stay.  Rather, in analyzing the stay issue, the Federal Circuit cited the same cases Juniper cites here holding that "once a party files a transfer motion, disposing of that motion should unquestionably take top priority," then pointed out that "[n]o such priority was given to the motion here, as it simply lingered unnecessarily on the docket while the district court required the parties to proceed ahead with the merits."  *In re SK Hynix Inc.*, No. 2021-113, Dkt. 10 at 2–3 (Fed. Cir. Feb 1, 2021).  *SK Hynix* is squarely on point and requires that the Court immediately stay all non-transfer-related proceedings until it rules on Juniper's transfer motion.

### III.   THE DISCRETIONARY FACTORS FAVOR A STAY

#### A.   *Brazos fails to show a stay will prejudice it.*

Juniper's Motion pointed out that "the only possible prejudice Brazos could assert would be a delay in the vindication of [purported] patent rights" and cited cases holding that that factor is "not sufficient, standing alone, to defeat a stay motion."  Mot. at 4-5.  And indeed, Brazos's Opposition attempted to show prejudice by asserting that "[s]taying the case and delaying the schedule would unnecessarily delay Brazos's vindication of its patent rights."  Opp. at 5.  That is not sufficient.

#### B.   *Brazos fails to rebut the showing of hardship to Juniper absent a stay.*

Brazos's recitation of the claim construction schedules in this District and in the Northern District of California (Opp. at 7-8) entirely misses the point.  The prejudice to Juniper is from being "forced to expend resources litigating substantive matters ***in an inconvenient venue*** while a motion to transfer lingers unnecessarily on the docket."  *In re EMC Corp.*, 501 F. App'x. 973, 975–76 (Fed. Cir. Jan 29, 2013) (emphasis added).  Juniper is also prejudiced by having to litigate

its transfer motion—with six months of unrestricted venue discovery—and claim construction at the same time. This prejudice warrants a stay until the transfer motion is resolved.

### C. *Brazos's argument that denial of a stay will serve judicial economy is wrong.*

Brazos does not contest Juniper's argument (*see* Mot. at 5-6) that the court that will ultimately decide the merits of a case should also decide other issues that come up during the case. Rather, Brazos relies solely on the Court's apparent assurance that it will resolve the transfer motion before the *Markman* hearing (Opp. at 8)—while ignoring that Brazos's interpretation of the case schedule makes that impossible. As Juniper's Motion explained (Mot. at 3), in Brazos's view, its opposition to Juniper's transfer motion is due on June 8, 2021—*after* the *Markman* hearing. Thus, under the current schedule, this Court will likely rule on the merits of the case before resolving Juniper's motion to transfer. Judicial economy thus favors a stay.

### IV. CONCLUSION

For the reasons stated herein, Juniper respectfully requests a stay of all non-venue-related proceedings in this case until the Court rules on Juniper's motion to transfer.

| | |
|---|---|
| Dated:  February 17, 2021 | /s/ Todd Briggs<br>B. Russell Horton<br>rhorton@gbkh.com<br>George Brothers Kincaid & Horton LLP<br>114 West 7th Street, Suite 1100<br>Austin, TX 78701<br>Telephone: (512) 495-1400<br>Facsimile: (512-499-0094<br><br>Kevin P.B. Johnson<br>kevinjohnson@quinnemanuel.com<br>Todd Briggs<br>toddbriggs@quinnemanuel.com<br>Margaret Shyr (*pro hac vice*)<br>margaretshyr@quinnemanuel.com<br>Joseph E. Reed (*pro hac vice*)<br>joereed@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>555 Twin Dolphin Drive, 5th Floor<br>Redwood Shores, CA 94065<br>Telephone: (650) 801-5000<br>Facsimile: (650) 801-5100<br><br>Nima Hefazi (*pro hac vice*)<br>nimahefazi@quinnemanuel.com<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 443-3000<br>Facsimile: (213) 443-3100<br><br>*Counsel for Defendant*<br>*Juniper Networks, Inc.* |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on February 17, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  February 17, 2021 　　　　　　　*/s/ Todd Briggs*
　　　　　　　　　　　　　　　　　　　Todd Briggs