# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>Defendant. | Civil Action No.: 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA |

**DEFENDANT JUNIPER NETWORKS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS REGARDING INDIRECT INFRINGEMENT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................1
II. LEGAL STANDARD..........................................................................................................1
III. WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED .......................................................................................................................2
    A.    WSOU Cannot Plead Pre-Suit Knowledge............................................................2
    B.    WSOU Cannot Plead The Requite Specific Intent for Induced Infringement ......................................................................................................................4
    C.    WSOU Cannot Plead The Requite Lack of Substantial Non-infringing Uses for Contributory Infringement .................................................................................5
IV. CONCLUSION....................................................................................................................6

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ................................................................................... 5

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
   No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ....................................... 2, 5

*Aguirre v. Powerchute Sports LLC*,
   No. 10-cv-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ......................................... 3

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018 ..................................................................................... 5, 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................ 1

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................ 1, 2

*Castlemorton Wireless, LLC v. Bose Corp.*,
   No. 6:20-CV-00029-ADA, 2020 WL 6578418 (W.D. Tex. July 22, 2020) .......................... 3

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015) ........................................................................................................ 2

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006) .......................................................................................... 2, 4

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) .......................................................................................... 2

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ............................................................................................................ 2

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ......................... 4, 5

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-432. Dkt. 28, 35 (W.D. Tex. Feb. 20, 2020) ................................................... 3

*VLSI Tech., LLC v. Intel Corp.*,
   No. 1:19-cv-00977, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ................................... 3, 4

*Waller v. Hanlon*,
   922 F.3d 590 (5th Cir. 2019) .............................................................................................. 1

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
   No. CV 19-1687-CFC-CJB, 2021 WL 1134687 (D. Del. Mar. 24, 2021) .......................... 3

**I.      INTRODUCTION**

WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") has filed six complaints against Juniper Networks, Inc. ("Juniper"), each alleging direct and indirect infringement of one of six patents, namely U.S. Patent Nos. 7,382,781; 7,486,998; 7,518,990; 7,596,140; 7,620,273; and 8,284,656.  Case Nos. 6:20-cv-00812-ADA; 6:20-cv-00813-ADA; 6:20-cv-00814-ADA; 6:20-cv-00815-ADA; 6:20-cv-00902-ADA; and 6:20-cv-00903-ADA (W.D. Tex.), Dkt. 1 (collectively, "Complaints").  On November 16 and December 11, 2020, Juniper filed its answers to the Complaints.  Pursuant to Federal Rule of Civil Procedure 12(c), Juniper files this motion for judgment on the pleadings requesting that the Court dismiss WSOU's indirect infringement allegations.

WSOU's allegations of indirect infringement should be dismissed because WSOU cannot plead that Juniper had the requisite knowledge of the patents in each case. WSOU's conclusory indirect infringement allegations are based solely on Juniper's purported knowledge of the patents only as of the date of service of the Complaints.  But this Court has consistently held that a plaintiff cannot use the filing of a complaint to satisfy the knowledge requirement for pleading indirect infringement.  WSOU also fails to allege other key legal requirements, including specific intent for induced infringement and the lack of substantial non-infringing uses for contributory infringement.  The Court should grant Juniper's motion and dismiss WSOU's indirect infringement allegations.

**II.     LEGAL STANDARD**

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim."  *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019).  To survive a motion to for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).

To succeed on a contributory infringement claim, "the patent owner must demonstrate: '1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.'" *Id.* at *8 (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

### III. WSOU'S INDIRECT INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED

#### A. WSOU Cannot Plead Pre-Suit Knowledge

Both induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement."). Despite this clear requirement, WSOU's sole allegation of knowledge of the patents is a conclusory statement that "Juniper has

received notice and actual or constructive knowledge of the [asserted patents] since at least the date of service of this Complaint." *See e.g.,* 6-20-cv-00902-ADA, Dkt. 1 at ¶32.

This Court has repeatedly rejected identical allegations of knowledge.  For example, this Court rejected these allegations in *Parus Holdings* and *VLSI*.  In both cases, the Court dismissed indirect infringement claims because the plaintiff failed to plead pre-suit knowledge of the asserted patents. *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-432-ADA, Dkt. 28, 35 (W.D. Tex. Feb. 20, 2020) (dismissing indirect infringement claims where plaintiff's only allegation of knowledge was that "Defendant Apple has had knowledge of the [asserted patents] since at least the filing of the original complaint" and "[b]y the time of trial, Defendant Apple will have known and intended (since receiving such notice) that their continued actions would actively induce the infringement"); *VLSI Tech., LLC v. Intel Corp.,* Nos. 6:19-cv-000254-ADA, 6:19-cv-000255-ADA, 6:19-cv-000256-ADA, 2019 WL 11025759, *1-2 (W.D. Tex. Aug. 6, 2019) (dismissing indirect infringement claims for lack of pre-suit knowledge); *see also Castlemorton Wireless, LLC v. Bose Corp.*, No. 6:20-CV-00029-ADA, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (following this "Court's usual practice" and dismissing claims for indirect infringement, finding allegations that defendant learned of the patent via the complaint insufficient to support such a claim).  Other courts in this District and elsewhere have reached the same holding. *Aguirre v. Powerchute Sports, LLC*, No. 10-cv-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("[t]o the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement")); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, No. 19-1687-CFC-CJB, 2021 WL 1134687, at *4 (D. Del. Mar. 24, 2021) (complaint fails to state a claim for either indirect infringement or willfulness "where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit.").  As these courts

recognize, "[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent]" because "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *See VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing indirect infringement claims where plaintiff alleged only that "Intel has had knowledge of the [#]552 Patent at least since the filing of this complaint" (alteration in original)). This Court should follow its own past decisions and those of other courts both in and out of this District, and dismiss WSOU's indirect infringement claims for the asserted patents.

### B. WSOU Cannot Plead The Requite Specific Intent for Induced Infringement

WSOU also fails to plead specific intent in support of its inducement claim. Allegations of specific intent require factual "'evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).

In each of the Complaints, WSOU's allegations of specific intent amount to a conclusory statement that Juniper "actively induced" others to infringe through its advertising and promotional materials and some website citations. For example:

> 29. Since at least the date of service of this Complaint, through its actions, Juniper has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '140 Patent throughout the United States, including within this Judicial District, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:
>
> - https://www.juniper.net/documentation/en_US/junos/information-products/pathwaypages/config-guide-mpls-applications/config-guide-mpls-applications.pdf.

*See e.g.*, 6-20-cv-00815-ADA, Dkt. 1 at ¶29. Such conclusory allegations fail to present facts that demonstrate: (1) Juniper knew that the alleged acts infringed, and (2) Juniper knew that the promotion of its products would induce or encourage others to infringe the asserted patents. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement."); *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, *7 (W.D. Tex. May 12, 2014) (finding that "Plaintiffs generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics are . . . insufficient."). Moreover, WSOU's allegations also fail to provide any specific allegations mapping the advertisement or promotion to the performance of the claimed steps of the patent— *i.e.*, "evidence of culpable conduct, directed to encouraging another's infringement." *Parity*, 2019 WL 3940952, at *2-3. WSOU's inducement claim should be dismissed because the Complaint is entirely deficient on a key requirement of induced infringement.

### C. WSOU Cannot Plead The Requite Lack of Substantial Non-infringing Uses for Contributory Infringement

WSOU's contributory infringement allegations also fail because WSOU did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (citations omitted). WSOU has not done so and cannot do so.

For each of the Complaints, WSOU's allegations amount to little more than a conclusory statement that repeats the legal elements. For example:

> 31. Since at least the date of service of this Complaint, through its actions, Juniper has contributed to the infringement of the '140 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this Judicial District, with knowledge that the Accused Products infringe the '140 Patent. The Accused Products have special features that are especially made or

> adapted for infringing the '140 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least claim 1 of the '140 Patent.
>
> 32. The special features include using GMPLS to create an associated bi-directional label switched path in a manner that infringes the '140 Patent.
>
> 33. The special features constitute a material part of the invention of one or more claims of the '140 Patent and are not staple articles of commerce suitable for substantial noninfringing uses.

*See e.g.,* 6-20-cv-00815-ADA, Dkt. 1 ¶¶ 31-33. As the Federal Circuit held in *Artrip*, such conclusory allegations are not enough. 735 F. App'x at 713 (affirming dismissal of a contributory infringement claim where the "complaint did not plausibly assert facts to suggest that [Defendant] was aware of the patents or facts to suggest that the [accused product] it supplied had no substantial noninfringing use," where complaint alleged only that the accused product was "not a 'staple article' and [was] not suitable for substantial noninfringing use"). WSOU's failure to raise a plausible inference of no substantial noninfringing uses and materiality is fatal to its contributory infringement claim, and as such it should be dismissed.

## IV.  CONCLUSION

Juniper respectfully requests that the Court dismiss WSOU's allegations of indirect infringement for the asserted patents. Pursuant to L.R. CV-7(h), Juniper requests an oral hearing on the foregoing motion.

-6-

Dated: April 28, 2021

By: /s/ B. Russell Horton
B. Russell Horton
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr (admitted *pro hac vice*)
margaretshyr@quinnemanuel.com
Joseph E. Reed (admitted *pro hac vice*)
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi (admitted *pro hac vice*)
nimahefazi@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 28, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ B. Russell Horton*
B. Russell Horton
