# Exhibit C

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | Civil Action No.: 6:20-cv-00812-ADA |
| | 6:20-cv-00813-ADA |
| Plaintiff, | 6:20-cv-00814-ADA |
| | 6:20-cv-00815-ADA |
| v. | 6:20-cv-00816-ADA |
| | 6:20-cv-00902-ADA |
| JUNIPER NETWORKS, INC. | 6:20-cv-00903-ADA |
| Defendant. | **JURY TRIAL DEMANDED** |

## DEFENDANT JUNIPER NETWORKS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Juniper Networks, Inc. ("Juniper") hereby objects and responds as follows to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("Brazos") First Set of Interrogatories. These objections and responses are made based on information reasonably available to Juniper at the present time. Juniper reserves the right to supplement these responses if and when additional information becomes available.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

Juniper makes the following objections, whether or not separately set forth in response to each interrogatory, to each and every instruction, definition, and question posed in the interrogatories. By responding to any of the interrogatories or failing to specifically refer to or specify any particular objections in response to a particular interrogatory, Juniper does not waive any of these objections, or admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1. Juniper objects to the Interrogatories, and to the Definitions and Instructions set forth therein, to the extent that they purport to impose any obligations upon Juniper beyond the

Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, and the Order Governing Proceedings in these cases (the "Applicable Rules"). Subject to and without waiving any objections, in responding to the Interrogatories, Juniper will construe the Interrogatories in accordance with the Applicable Rules and a reasonable interpretation of the Interrogatories, to the extent discernible, applying the plain meaning of its terms.

2.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they request disclosure of information that falls within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure. Juniper hereby claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected material from their responses to the Interrogatories. Any disclosure of any such privileged or protected material in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections.

3.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Juniper to conduct anything beyond a reasonable and diligent search for reasonably accessible documents (including electronic documents) from reasonably available sources (including electronic sources) where responsive documents reasonably would be expected to be found. Juniper's Responses are based upon (i) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information; and (ii) inquiries of Juniper's employees and/or representatives who could reasonably be expected to possess responsive information. Unless otherwise stated or

agreed, Juniper's responses are not based on archived materials or other information that is inaccessible to Juniper during its ordinary course of business.  Fed. R. Civ. P. 26(b)(2)(B).

4.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Juniper to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments.  Subject to and without waiving any objections, Juniper states that any response, identification of documents or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

5.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative or duplicative of other discovery sought by Brazos.

6.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not in Juniper's possession, custody, or control, or is equally available and/or in the possession, custody, or control of Brazos or any third person or entity.

7.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that the Interrogatories, Definitions, or Instructions contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships and/or events underlying the action.  Juniper further objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.  Any response, identification of documents, or provision of information in response to the Interrogatories is not intended to provide, and shall not

constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

8.      Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they are compound and comprise discrete subparts resulting in separate Interrogatories.  Juniper further objects to each Interrogatory to the extent it comprises multiple discrete subparts for the purpose of circumventing the limit on the number of Interrogatories imposed in this lawsuit.  *See* Fed. R. Civ. P. 33(a)(1); Advisory Committee Notes on 1993 Amendment to Rule 33 ("Parties cannot evade" Interrogatory limits "through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").  Juniper reserves the right to object to future discovery on the basis that it exceeds the limits imposed by the Applicable Rules.

9.      Juniper objects to the definitions of "Juniper," "Defendant," "You," and "Your" on the grounds that the definitions are overbroad, unduly burdensome, and vague, including without limitation to the extent that they purport to include any predecessor, successor, subsidiary, parent, and affiliate of Juniper, and "all past and present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing, or partnership relationship with Juniper in any country."

10.      Juniper objects to the definition of "Accused Products" as overly broad, unduly burdensome, vague and ambiguous, including without limitation to the extent that it purports to include products which Brazos has not accused of infringement and/or appears to improperly shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement.  Juniper will respond to these interrogatories based on its understanding of the

products accused of infringement in Brazos's Infringement Contentions, to the extent Juniper is able to make such a determination.

11.     Juniper objects to the definition of "Document" on the basis that it is vague, ambiguous, and unduly broad.  Juniper further objects to the definition to the extent it differs materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous.  Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of this term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not proportional to the needs of this case.  Juniper further objects to the definition of "Document" to the extent it is inconsistent with any ESI discovery order entered in this case or other applicable limits on custodial discovery.  Juniper's responses to Interrogatories seeking evidence regarding custodial email and other communications shall be limited to the evidence subject to the ESI discovery limitations, if any, entered in this matter.

12.     Juniper objects to the definition of "Communication" on the basis that it is vague, ambiguous, and unduly broad.  Juniper further objects to the definition to the extent it differs materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous.  Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of this term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not

proportional to the needs of this case.  Juniper further objects to the definition of "Communication" to the extent it is inconsistent with any ESI discovery order entered in this case or other applicable limits on custodial discovery.  Juniper's responses to Interrogatories seeking evidence regarding custodial email and other communications shall be limited to the evidence subject to the ESI discovery limitations, if any, entered in this matter.

13.     Juniper objects to the definition of the term "Person" on the basis that it is unduly broad and differs materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous.  Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of the term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not proportional to the needs of this case.

14.     Juniper objects to Brazos's Instructions on the basis that they are vague, ambiguous, overly broad, and unduly burdensome.  Juniper objects to the extent Brazos intends to rely on the Instructions to impose any obligations on Juniper that exceed those set forth in the Applicable Rules or other orders governing this litigation.  For example, Juniper objects to the extent the Instructions expand the scope of Brazos's Interrogatories to encompass information that cannot be discerned based on a reasonably diligent investigation of sources within Juniper's possession, custody, or control.  Juniper further objects to the extent Brazos's Instructions demand that Juniper create data or otherwise create summaries or reorganize its information in a manner that is unduly burdensome or not reasonably ascertainable based on Juniper's current resources.  Juniper further objects to the Instructions to the extent they are intended to materially alter the plain meaning and

scope of the Interrogatory and/or to the extent they render them impermissibly compound.  By providing reasonable, good faith responses to Brazos's Interrogatories, Juniper does not agree to assume the burden imposed by the Instructions to the extent they seek additional information or require additional discovery from Juniper beyond that reasonably contemplated by the specific Interrogatories themselves.

15.     Juniper also objects to Brazos's Instructions to the extent that they call for information protected by the attorney-client privilege or attorney work-product.  Juniper further objects to the Instructions as unduly burdensome to the extent they request that Juniper conduct anything other than a reasonable and diligent inquiry.  Juniper also objects to the Instructions to the extent they render the proposed Interrogatory vague, ambiguous, overly broad, improperly compound, and/or unduly burdensome.  Juniper shall provide reasonable responses to the Interrogatory to the extent practicable based on a reasonably diligent investigation commensurate with its discovery obligations as established by the Applicable Rules and orders governing this case.

16.     Juniper objects to the Interrogatories on the grounds and to the extent that they demand Juniper provide information or produce documents containing confidential information of third parties.  Juniper will not provide such information or produce such documents absent a protective order governing their confidentiality.

17.     Juniper notes that the Court has not yet construed the claims, discovery is ongoing and Juniper has not yet completed its investigation of the matters at issue in this action.  Juniper reserves the right to modify, supplement, change or amend its responses after the Court has issued its claim construction order, and once Juniper has conducted the necessary discovery and investigation.  Juniper responds to each and every interrogatory based on its current knowledge,

information, and belief based on its investigation as of the date of the response; however, Juniper's investigation into the issues of this action remains ongoing. Juniper reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

18.     Juniper's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

19.     Juniper incorporates by reference its Objections to the Definitions and Instructions in each of the specific responses set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

Juniper expressly incorporates the above objections as though set forth fully in response to each of the following interrogatories, and, to the extent that they are not raised in the particular response, Juniper does not waive those objections.

## INTERROGATORY NO. 1:

Please Identify each Accused Product, including all names and/or corresponding product reference numbers.

## RESPONSE TO INTERROGATORY NO. 1:

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper also objects on the basis that Brazos's Infringement Contentions are insufficient and do not put Juniper on notice of the functionalities accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "Accused Product" and "product reference numbers"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not

relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

The Accused Products are: EX Series Switches, QFX Series Switches, MX Series 5G Universal Routing Platform, PTX Series Routers, ACX Series Universal Metro Routers, SRX Series Services Gateways, Packet Optical Products, Packet Optical Transport Products, and NFX Series Network Services Platform.  The accused features which may be used on one or more of the Accused Products are:  IS-IS and Multicast, Virtual Chassis, WANDL IP/MPLSView, Generic MPLS & Bidirectional Transport LSP, Optical Switching, MAC-flush in VPLS, and Spanning-Tree Protocol.

## INTERROGATORY NO. 2:

Please Describe Juniper's practices for storing, maintain, and retaining Documents and records, including hard-copies and electronic copies.

## RESPONSE TO INTERROGATORY NO. 2:

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to the objection to the definition of "Document."  Juniper objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "storing, maintain [sic], and retaining," "Documents," "records," "hard-copies," and "electronic copies"; (ii) it is overbroad, unduly burdensome, and oppressive,

including without limitation to the extent that it asks Juniper to describe company-wide document storage practices; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 3:**

Please Describe Juniper's file-sharing system, including the details of the access provided to Juniper employees in Texas.

**RESPONSE TO INTERROGATORY NO. 3:**

Juniper incorporates by reference its Objections to the Definitions and Instructions including but not limited to the objection to the definition of "Accused Product." Juniper objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including with respect to the terms and phrases "file-sharing system," "details," and "access"; (ii) it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Juniper to describe a company-wide "file-sharing system"; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale

headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 4:**

Please State the number of Juniper's servers that store information related to the Accused Products, and Identify the location of each of such server.

**RESPONSE TO INTERROGATORY NO. 4:**

Juniper incorporates by reference its Objections to the Definitions and Instructions including but not limited to the objection to the definition of "Accused Products." Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including with respect to the terms and phrases "Accused Products," "servers," and "store information,"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider

when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Juniper has no servers in Texas that store information relating to the Accused Products.

**INTERROGATORY NO. 5:**

Please Identify the location of all source code relating to the Accused Products, and the Identity of the Person(s) most knowledgeable regarding the content and storage of the same.

**RESPONSE TO INTERROGATORY NO. 5:**

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to the definition of "Accused Product." Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "source code", "Accused Products," "Person(s) most knowledgeable," and "content and storage"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it is compound and contains multiple discrete subparts; (iv) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (v) it seeks confidential third party information. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Source code for the Accused Products is located in source code repositories in Sunnyvale, California; Quincy, Massachusetts; Westford, Massachusetts; and Bangalore, India.  The Juniper employee most knowledgeable about source code content and storage is Software Engineering Senior Director Murali Vemula.  He works in Juniper's Sunnyvale headquarters, located at 1133 Innovation Way, Sunnyvale, CA 94089.

**INTERROGATORY NO. 6:**

Please Identify the three (3) Persons most knowledgeable about each of the following categories, as related to the Accused Products: the (1) design, (2) development, (3) testing, (4) manufacture, (5) marketing and advertising, (6) offer for sale or sale, (7) distribution (including configuration and/or installation), (8) customer support and service, (9) technical support, (10) training, and (11) licensing.

**RESPONSE TO INTERROGATORY NO. 6:**

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to its objections to the definition of "Persons" and "Accused Products." Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "Persons most knowledgeable" and "Accused Products"; (ii) it is overbroad, unduly burdensome, and oppressive, including without limitation to the extent that it asks Juniper to provide three knowledgeable witnesses about each of 11 categories relating to each of an undisclosed number of Accused Products; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's

motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as not limited to an appropriate time and calling for irrelevant information beyond the scope of jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas."  *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 7:**

Please Identify all customers and/or other third parties (including, but not limited to, partners, authorized resellers, and distributors) in Texas to which Accused Products have been sold from 2014 to the present, including total unit volumes and revenues associated with such sales.

**RESPONSE TO INTERROGATORY NO. 7:**

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to its objections to the definition of "Accused Products." Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "customers," "third parties," "partners," "authorized resellers," "distributors," "total unit volumes," and "revenues"; (ii) it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Juniper for information not within Juniper's possession, custody, or control; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (vi) it seeks confidential information of third parties. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors

district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 8:**

Please Identify the three (3) Persons most knowledgeable about Juniper's business and/or sales in Texas.

**RESPONSE TO INTERROGATORY NO. 8:**

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "Persons most knowledgeable" and "Juniper's business and/or sales"; (ii) it is overbroad, unduly burdensome, and oppressive; and (iii) it seeks information protected from disclosure by attorney-client privilege, attorney work product

protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

The three persons most knowledgeable about Juniper's business and/or sales in Texas are:

- Dan Redington (Vice President of Sales; Frisco, TX)

- Marcus Jewell (Executive Vice President and Chief Sales Officer; London, England)

- Derrell James (Senior Vice President; Dallas, TX)

**INTERROGATORY NO. 9:**

Please Identify the three (3) Persons most knowledgeable regarding the use of the Accused Products with Juniper's Mist cloud services

**RESPONSE TO INTERROGATORY NO. 9:**

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to its objection to the definition of "Accused Product."  Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement.  Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "Persons most knowledgeable," "Accused Product," and "Mist cloud services"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii)

it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.   Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas."  *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 10:**

Please Identify the number of Juniper employees that reside in and/or work from Texas, including a breakdown by office location.

**RESPONSE TO INTERROGATORY NO. 10:**

Juniper incorporates by reference its Objections to the Definitions and Instruction.  Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "reside in and/or work from" and "breakdown"; (ii) it is overbroad, unduly burdensome, and oppressive; and (iii) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Juniper has a total of 164 employees who live in or work from Texas.  Of those, 13 work at the Mist office in Austin, 20 work at Juniper's Granite Park V office in Plano and 1 works at The Woods office park in Houston.  The other 130 Juniper employees located in Texas work from home (and worked from home pre-pandemic) and are located throughout the state.

**INTERROGATORY NO. 11:**

Please Identify all third parties (including Entity name and address) in Texas that perform work on behalf of Juniper, including, but not limited to, third parties that sell, offer to sell, distribute, configure, service, and/or support Juniper's products and services.

**RESPONSE TO INTERROGATORY NO. 11:**

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "third parties," "perform work," "sell, offer to sell, distribute, configure, service, and/or support" and "Juniper's products and services"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (vi) it seeks confidential information of third parties. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees

involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 12:**

Please Identify all third parties in Texas (including Entity name and address) that sell and/or offer for sale Accused Products, including the number of units sold by each such third party and the revenue derived by Juniper from such sales.

**RESPONSE TO INTERROGATORY NO. 12:**

Juniper incorporates by reference its Objections to the Definitions and Instructions, including but not limited to its objection to the definition of "Accused Product." Juniper objects to this interrogatory to the extent that it improperly attempts to shift the burden to Juniper to identify what systems and components Brazos contends are accused of infringement. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "third parties," "Accused Product," and "sell and/or offer for sale"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's

motion to transfer; (iv) it is compound and contains multiple discrete subparts; (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (vi) it seeks confidential information of third parties.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 13:**

Please Identify all taxes owed and/or paid by Juniper to the State of Texas for the past three (3) years, and Identify the property (real or otherwise) owned and/or leased by Juniper on which taxes were levied.

**RESPONSE TO INTERROGATORY NO. 13:**

Juniper incorporates by reference its Objections to the Definitions and Instructions.  Juniper objects to this interrogatory to the extent it calls for a legal conclusion and/or expert testimony. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "taxes owed and/or paid," "property (real or otherwise)," and "owned and/or leased"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees

involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 14:**

Please Identify the number of times per year, for the past three (3) years, a Juniper employee located outside of Texas traveled to this Judicial District for a work-related purpose

**RESPONSE TO INTERROGATORY NO. 14:**

Juniper incorporates by reference its Objections to the Definitions and Instructions.  Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "located outside of Texas" and "work-related purpose"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer (iv) it is compound and contains multiple discrete subparts; and (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side

for jurisdictional and venue discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas."  *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 15:**

For each Juniper employee identified as having relevant knowledge of the Accused Products in Juniper's Motion to Transfer, please Identify the number of work-related trips made in the past three (3) years, including the number of work-related trips made to Texas.

**RESPONSE TO INTERROGATORY NO. 15:**

Juniper incorporates by reference its Objections to the Definitions and Instructions.  Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including

without limitation with respect to the phrase "work-related trips"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; and (iv) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery.   Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

**INTERROGATORY NO. 16:**

Please Describe in detail Juniper's plan to revamp the Juniper Partner Advantage Program and to integrate Juniper Networks and Mist Systems' channel programs, and the intended or expected impact on sales, including but not limited to sales in Texas.

**RESPONSE TO INTERROGATORY NO. 16:**

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "plan," "revamp," "Juniper Partner Advantage Program," "channel programs," and "intended or expected impact"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; and (iv) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused

Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas." *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

### INTERROGATORY NO. 17:

Please Identify all Juniper products and services that have been provided, and/or that are expected to be provided, in connection with Juniper's contract with the State of Texas, DIR Contract Number DIR-TSO-4240.

### RESPONSE TO INTERROGATORY NO. 17:

Juniper incorporates by reference its Objections to the Definitions and Instructions.  Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "all Juniper products and services," "expected to be provided," and "in connection with"; (ii) it is overbroad, unduly burdensome, and oppressive; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; and (iv) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection.  Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue

discovery.  Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

As set forth in the declaration of Arthur Martinez, the Senior Director of Strategy & Corporate Development at Juniper Networks, Inc.: (i) "Juniper has identified no employees involved in the design, development, testing, marketing, financing, or sales of the Accused Products who work in Texas," (ii) "the Juniper employees Juniper has thus far identified with relevant knowledge about the Accused Products, the majority work in Juniper's Sunnyvale headquarters and none work in Texas," (iii) "Juniper also stores the majority of its documentary evidence relevant to the Accused Products, including records relating to the research and design of the Accused Products, source code, and marketing, sales, and financial information for the Accused Products, at its Sunnyvale headquarters," and (iv) Mr. Martinez has "no reason to believe that documentary evidence or source code relevant to this case is located in Texas."  *See, e.g.*, Case No. 6:20-cv-00812-ADA, Dkt. 19-1 at ¶¶ 6, 11, and 12.

Dated:  January 20, 2021

*/s/  Todd Briggs*

B. Russell Horton
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr
margaretshyr@quinnemanuel.com
Joseph E. Reed
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi
nimahefazi@quinnemanuel.com
Pushkal Mishra
pushkalmishra@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 20, 2021, all counsel of record were served by email with a true and correct copy of the above document.

Dated:  January 20, 2021                    /s/  *Joseph E. Reed*
                                                          Joseph E. Reed

## VERIFICATION

I am authorized to make this verification for and on behalf of Defendant Juniper Networks, Inc. ("Juniper").  Not all of the matters in the above interrogatory responses are within my personal knowledge.  All the facts stated in the above responses have been assembled by authorized employees, including myself, and counsel for Juniper.  I believe that the matters stated therein are true and correct, and on that basis verify the responses on behalf of Juniper, reserving the right, in the event that new, additional, or different information is discovered, to revise or supplement the responses as the case may be.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  January 20, 2021 at Sunnyvale, California.

By: _____