# Exhibit L

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>Defendant. | Civil Action No.: 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JUNIPER NETWORKS, INC.'S SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Juniper Networks, Inc. ("Juniper") hereby provides supplemental objections and responses to Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development's ("Brazos") First Set of Interrogatories. These objections and responses are made based on information reasonably available to Juniper at the present time. Juniper reserves the right to supplement these responses if and when additional information becomes available.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Juniper makes the following objections, whether or not separately set forth in response to each interrogatory, to each and every instruction, definition, and question posed in the interrogatories. By responding to any of the interrogatories or failing to specifically refer to or specify any particular objections in response to a particular interrogatory, Juniper does not waive any of these objections, or admit or concede the appropriateness of any purported interrogatory or any assumptions contained therein.

1.   Juniper objects to the Interrogatories, and to the Definitions and Instructions set forth therein, to the extent that they purport to impose any obligations upon Juniper beyond the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Western District of Texas, and the Order Governing Proceedings in these cases (the "Applicable Rules").  Subject to and without waiving any objections, in responding to the Interrogatories, Juniper will construe the Interrogatories in accordance with the Applicable Rules and a reasonable interpretation of the Interrogatories, to the extent discernible, applying the plain meaning of its terms.

2.   Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they request disclosure of information that falls within the scope of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege or any other applicable privilege or immunity, or that otherwise are exempted from disclosure.  Juniper hereby claims such privileges and protections to the extent implicated by the Interrogatories and excludes privileged or protected material from their responses to the Interrogatories.  Any disclosure of any such privileged or protected material in response to the Interrogatories is inadvertent and not intended to waive those privileges and protections.

3.   Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Juniper to conduct anything beyond a reasonable and diligent search for reasonably accessible documents (including electronic documents) from reasonably available sources (including electronic sources) where responsive documents reasonably would be expected to be found.  Juniper's Responses are based upon (i) a reasonable search and investigation of facilities and files that could reasonably be expected to contain responsive information; and (ii) inquiries of Juniper's employees and/or representatives

who could reasonably be expected to possess responsive information. Unless otherwise stated or agreed, Juniper's responses are not based on archived materials or other information that is inaccessible to Juniper during its ordinary course of business. Fed. R. Civ. P. 26(b)(2)(B).

4. Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they purport to require Juniper to draw subjective or legal conclusions, or are predicated on subjective or legal conclusions or arguments. Subject to and without waiving any objections, Juniper states that any response, identification of documents or provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission concerning any of the terms used in the Interrogatories.

5. Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is cumulative or duplicative of other discovery sought by Brazos.

6. Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they seek information that is not in Juniper's possession, custody, or control, or is equally available and/or in the possession, custody, or control of Brazos or any third person or entity.

7. Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that the Interrogatories, Definitions, or Instructions contain inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships and/or events underlying the action. Juniper further objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. Any response, identification of documents, or

provision of information in response to the Interrogatories is not intended to provide, and shall not constitute or be construed as providing, an admission that any factual predicates stated in the Interrogatories are accurate.

8.     Juniper objects to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they are compound and comprise discrete subparts resulting in separate Interrogatories.  Juniper further objects to each Interrogatory to the extent it comprises multiple discrete subparts for the purpose of circumventing the limit on the number of Interrogatories imposed in this lawsuit.  *See* Fed. R. Civ. P. 33(a)(1); Advisory Committee Notes on 1993 Amendment to Rule 33 ("Parties cannot evade" Interrogatory limits "through the device of joining as 'subparts' questions that seek information about discrete separate subjects.").  Juniper reserves the right to object to future discovery on the basis that it exceeds the limits imposed by the Applicable Rules.

9.     Juniper objects to the definitions of "Juniper," "Defendant," "You," and "Your" on the grounds that the definitions are overbroad, unduly burdensome, and vague, including without limitation to the extent that they purport to include any predecessor, successor, subsidiary, parent, and affiliate of Juniper, and "all past and present officers, directors, trustees, employees, agents, consultants, attorneys, patent agents, entities acting in joint venture, licensing, or partnership relationship with Juniper in any country."

10.    By agreement between the parties, the definition of Accused Products has been narrowed to include only the products specifically accused by Brazos in its Preliminary Infringement Contentions.

11.    Juniper objects to the definition of "Document" on the basis that it is vague, ambiguous, and unduly broad.  Juniper further objects to the definition to the extent it differs

materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous. Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of this term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not proportional to the needs of this case. Juniper further objects to the definition of "Document" to the extent it is inconsistent with any ESI discovery order entered in this case or other applicable limits on custodial discovery. Juniper's responses to Interrogatories seeking evidence regarding custodial email and other communications shall be limited to the evidence subject to the ESI discovery limitations, if any, entered in this matter.

12.     Juniper objects to the definition of "Communication" on the basis that it is vague, ambiguous, and unduly broad. Juniper further objects to the definition to the extent it differs materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous. Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of this term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not proportional to the needs of this case. Juniper further objects to the definition of "Communication" to the extent it is inconsistent with any ESI discovery order entered in this case or other applicable limits on custodial discovery. Juniper's responses to Interrogatories seeking evidence regarding

custodial email and other communications shall be limited to the evidence subject to the ESI discovery limitations, if any, entered in this matter.

13.     Juniper objects to the definition of the term "Person" on the basis that it is unduly broad and differs materially from its plain meaning such that it renders Interrogatories in which it is used vague and ambiguous. Juniper further objects to Interrogatories that incorporate this term or rely on the provided definition of the term to substantially modify or expand the scope of such Interrogatories in a manner that would render them vague, ambiguous, overly broad, and impose burdens or requirements upon Juniper that exceed or differ from the requirements of the Applicable Rules, particularly insofar as the definition purports to require the disclosure of information that is not proportional to the needs of this case.

14.     Juniper objects to Brazos's Instructions on the basis that they are vague, ambiguous, overly broad, and unduly burdensome. Juniper objects to the extent Brazos intends to rely on the Instructions to impose any obligations on Juniper that exceed those set forth in the Applicable Rules or other orders governing this litigation. For example, Juniper objects to the extent the Instructions expand the scope of Brazos's Interrogatories to encompass information that cannot be discerned based on a reasonably diligent investigation of sources within Juniper's possession, custody, or control. Juniper further objects to the extent Brazos's Instructions demand that Juniper create data or otherwise create summaries or reorganize its information in a manner that is unduly burdensome or not reasonably ascertainable based on Juniper's current resources. Juniper further objects to the Instructions to the extent they are intended to materially alter the plain meaning and scope of the Interrogatory and/or to the extent they render them impermissibly compound. By providing reasonable, good faith responses to Brazos's Interrogatories, Juniper does not agree to assume the burden imposed by the Instructions to the extent they seek additional information or

require additional discovery from Juniper beyond that reasonably contemplated by the specific Interrogatories themselves.

15. Juniper also objects to Brazos's Instructions to the extent that they call for information protected by the attorney-client privilege or attorney work-product. Juniper further objects to the Instructions as unduly burdensome to the extent they request that Juniper conduct anything other than a reasonable and diligent inquiry. Juniper also objects to the Instructions to the extent they render the proposed Interrogatory vague, ambiguous, overly broad, improperly compound, and/or unduly burdensome. Juniper shall provide reasonable responses to the Interrogatory to the extent practicable based on a reasonably diligent investigation commensurate with its discovery obligations as established by the Applicable Rules and orders governing this case.

16. Juniper objects to the Interrogatories on the grounds and to the extent that they demand Juniper provide information or produce documents containing confidential information of third parties. Juniper will not provide such information or produce such documents absent a protective order governing their confidentiality.

17. Juniper notes that the Court has not yet construed the claims, discovery is ongoing and Juniper has not yet completed its investigation of the matters at issue in this action. Juniper reserves the right to modify, supplement, change or amend its responses after the Court has issued its claim construction order, and once Juniper has conducted the necessary discovery and investigation. Juniper responds to each and every interrogatory based on its current knowledge, information, and belief based on its investigation as of the date of the response; however, Juniper's investigation into the issues of this action remains ongoing. Juniper reserves the right to supplement or amend its responses without prejudice pursuant to Rule 26(e).

18.     Juniper's responses are not to be construed as an admission that any of the requested information exists, that any information is admissible, relevant or proportional to the needs of the case, or that any contention or assumption contained in the interrogatories, whether implicit or explicit, is correct.

19.     Juniper incorporates by reference its Objections to the Definitions and Instructions in each of the specific responses set forth below.

## SUPPLEMENTAL OBJECTIONS AND RESPONSES

Juniper expressly incorporates the above objections as though set forth fully in response to each of the following interrogatories, and, to the extent that they are not raised in the particular response, Juniper does not waive those objections.

**INTERROGATORY NO. 7 (AS MODIFIED):**

Please Identify all customers in Texas to which an Accused Product has been sold in the past two years.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 7 (AS MODIFIED):**

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, (ii) it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Juniper for information not within Juniper's possession, custody, or control and that Juniper does not maintain in the ordinary course of business; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (vi) it seeks confidential information of third parties.  Juniper further

objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

For limited permissible purposes of jurisdictional discovery, Juniper states that it has sold the Accused Products in the Western District of Texas within the last two years. Juniper has also serviced some of the Accused Products that were sold in the Western District of Texas within the last two years. Juniper does not track the locations of its customers in the ordinary course of business. The request for an identification of "*all* customers in Texas" is not relevant or proportional to the needs of resolving Juniper's transfer motion.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7 (AS MODIFIED):**

Juniper incorporates by reference its Objections to the Definitions and Instructions. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, (ii) it is overbroad, unduly burdensome, and oppressive, including to the extent that it asks Juniper for information not within Juniper's possession, custody, or control and that Juniper does not maintain in the ordinary course of business; (iii) it seeks information that is not relevant to the claims or defenses in this action and not proportional to the needs of the case, and specifically not relevant or proportional to the needs of deciding Juniper's motion to transfer; (iv) it is compound and contains multiple discrete subparts; (v) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection; and (vi) it seeks confidential information of third parties. Juniper further

objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Pursuant to Fed. R. Civ. P. 33(d), information that may be responsive to this Interrogatory may be found at 45070_JNPR_00755422.

**INTERROGATORY NO. 10:**

Please Identify the number of Juniper employees that reside in and/or work from Texas, including a breakdown by office location.

**ORIGINAL RESPONSE TO INTERROGATORY NO. 10:**

Juniper incorporates by reference its Objections to the Definitions and Instruction. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "reside in and/or work from" and "breakdown"; (ii) it is overbroad, unduly burdensome, and oppressive; and (iii) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. See *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Juniper has a total of 164 employees who live in or work from Texas. Of those, 13 work at the Mist office in Austin, 20 work at Juniper's Granite Park V office in Plano and 1 works at The Woods office park in Houston. The other 130 Juniper employees located in Texas work from home (and worked from home pre-pandemic) and are located throughout the state.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

Juniper incorporates by reference its Objections to the Definitions and Instruction. Juniper further objects to this interrogatory on the grounds that (i) it is vague and ambiguous, including without limitation with respect to the terms and phrases "reside in and/or work from" and "breakdown"; (ii) it is overbroad, unduly burdensome, and oppressive; and (iii) it seeks information protected from disclosure by attorney-client privilege, attorney work product protection, common interest privilege, or any other legal privilege or protection. Juniper further objects to this interrogatory as exceeding the Order Governing Proceedings' limit of five interrogatories per side for jurisdictional and venue discovery. Juniper further objects to this request as calling for information that is not relevant to the four private and four public factors district courts consider when analyzing a motion to transfer. See *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).

Subject to and without waiving the foregoing objections, Juniper responds as follows:

Based on Juniper's current investigation and knowledge, Juniper has a total of 164 employees who live in or work from Texas. All work from home. The 13 employees who previously worked at the Mist office in Austin now work from home because that office closed as of March 31, 2021 under a "Cease Business" order from Juniper. Juniper employees are not permitted to do any work at the former Mist Austin office and the furniture (and all other Juniper

assets) were removed from the office in late March 2021.  Similarly, the 20 Juniper employees who used to work at Juniper's Granite Park V office in Plano—which has also closed—now work from home.  The one Juniper employee who worked at The Woods office park in Houston (also now closed) works from home as well.  With the closure of these offices, Juniper has no office locations in Texas.

Dated:  April 22, 2021            /s/  Todd Briggs
Todd Briggs

B. Russell Horton
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr (*pro hac vice*)
margaretshyr@quinnemanuel.com
Joseph E. Reed (*pro hac vice*)
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi *(pro hac vice*)
nimahefazi@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 22, 2021, all counsel of record were served by email with a true and correct copy of the above document.

Dated:  April 22, 2021           */s/ Joseph E. Reed*  
                                              Joseph E. Reed