UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br>    Plaintiff<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>    Defendant | Civil Action Nos.: 6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT JUNIPER NETWORKS, INC.'S OBJECTION TO THE DECLARATION OF MATT HOGAN AND NOTICE OF RESERVATION OF RIGHT TO SUPPLEMENT ITS REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Pursuant to the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, venue discovery remains open until May 25, 2021—six months after Defendant Juniper Networks, Inc. ("Juniper") filed its Motion to Transfer Venue to the Northern District of California.  Dkt. 19.[1]  Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos") filed its opposition on April 23, 2021.  Dkt. 46.  As a result, Juniper's reply is due today.  *See* L.R. CV-7(f)(2).  Brazos's opposition relied heavily on the declaration of Matt Hogan.  Dkt. 46-1.  Many of the statements in Mr. Hogan's declaration are plainly inadmissible under the Federal Rules of Evidence.  For example, paragraphs 3-8 of Mr. Hogan's declaration concern Brazos's purported general ties to this District and activities it claims to conduct (or to plan to conduct) here, none of which have anything to do with the events that gave rise to this lawsuit.  These statements are irrelevant and thus inadmissible under FRE 402.  *In re Apple*, 979 F.3d 1332, 1345 (Fed. Cir. 2020) (local interest factor concerns "not merely the parties' significant connections to each forum writ large, but rather the significant connections between a particular venue and *the events that gave rise to a suit*..") (emphasis in original; quotation marks omitted).  Mr. Hogan also asserts that "Brazos's employees are willing to appear for trial in Waco."  Hogan Decl., ¶ 10.  Mr. Hogan does not state how he knows that other Brazos employees are purportedly willing to do this.  Either he is testifying as to his opinion of what other Brazos employees are willing to do, in which case his testimony lacks foundation (FRE 602), or he is relying on what other employees have told him, in which case it is hearsay (FRE 801-802).  Either way it is inadmissible.   Juniper therefore objects to Mr. Hogan's declaration on the grounds identified above.

---

[1]  All docket cites herein are to Case No. 6:20-cv-00812-ADA.

Just as importantly, Juniper objects that it is fundamentally unfair and prejudicial for Brazos to be entitled to (1) spend several months taking various forms of discovery to test the evidence supporting Juniper's transfer motion, and then (2) expect Juniper and the Court to take its own purported evidence at face value. That is especially true given that Mr. Hogan's declaration is replete with vague, conclusory, self-serving assertions that Juniper should be given the opportunity to test. Accordingly, on April 26, 2021 Juniper served Brazos with a notice of 30(b)(6) deposition. Brazos has since served objections and responses. While Brazos faults Juniper for not serving its deposition notice sooner, Juniper plainly could not have taken a deposition with respect to a declaration *that had not yet been filed*. Juniper files its reply today in keeping with the deadline set by the Local Rules, but reserves the right to supplement its reply upon completion of the 30(b)(6) deposition.

DATED:  April 30, 2021                    Respectfully submitted,

By     /s/ B. Russell Horton
    B. Russell Horton
    rhorton@gbkh.com
    George Brothers Kincaid & Horton LLP
    114 West 7th Street, Suite 1100
    Austin, TX 78701
    Telephone: (512) 495-1400
    Facsimile: (512-499-0094

    Kevin P.B. Johnson
    kevinjohnson@quinnemanuel.com
    Todd Briggs
    toddbriggs@quinnemanuel.com
    Margaret Shyr (*pro hac vice*)
    margaretshyr@quinnemanuel.com
    Joseph E. Reed (*pro hac vice*)
    joereed@quinnemanuel.com
    Quinn Emanuel Urquhart & Sullivan, LLP
    555 Twin Dolphin Drive, 5th Floor
    Redwood Shores, CA 94065
    Telephone: (650) 801-5000
    Facsimile: (650) 801-5100

    Nima Hefazi (*pro hac vice*)
    nimahefazi@quinnemanuel.com
    Quinn Emanuel Urquhart & Sullivan, LLP
    865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017
    Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

    *Counsel for Defendant*
    *Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 30, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:  April 30, 2021           /s/ B. Russell Horton
                                         B. Russell Horton