UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br><br>Plaintiff,<br><br>v.<br><br>JUNIPER NETWORKS, INC.<br><br>Defendant. | Civil Action No.:  6:20-cv-00812-ADA<br>6:20-cv-00813-ADA<br>6:20-cv-00814-ADA<br>6:20-cv-00815-ADA<br>6:20-cv-00902-ADA<br>6:20-cv-00903-ADA<br><br>**JURY TRIAL DEMANDED** |

**JUNIPER NETWORKS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

Brazos cannot dispute that the majority of the relevant witnesses and evidence are located in the Northern District of California or that virtually no relevant witnesses or evidence are located in this District. Brazos instead vastly overstates Juniper's presence in this District, improperly relies on its own (contrived) ties to this District, and ignores that neither has anything to do with this case. The facts supporting transfer in this case are stronger than those in *Adobe, Apple,* or *Tracfone.* Brazos either ignores or misreads those cases and invites the Court to commit clear legal error. Because there is no meaningful connection between this District and the events that gave rise to this lawsuit, the convenience factors overwhelmingly favor transfer.

I.   **THE PRIVATE FACTORS STRONGLY SUPPORT TRANSFER**

   A.   **Cost of Witness Attendance Heavily Favors Transfer**

Brazos cannot dispute that "the convenience of the witnesses is probably the single most important factor in transfer analysis" (Mot. at 6) or that the bulk of relevant witnesses are located in the Northern District of California (Sunnyvale). Mot. at 7-8, Martinez Decl., ¶¶ 7, 10; Hartman Decl., Ex. B at 11-13. In four months of venue discovery, Brazos identified ***no*** relevant Juniper witnesses in this District, instead only speculating that some Juniper employees in this District "***may have*** relevant information." Opp. at 11 and n.12 (emphasis added). Even if any of these employees did have relevant knowledge (they do not; *see* Mot. at 7-8), the inquiry is not whether "*all* of the witnesses" live in the transferee district, but whether a "substantial number" do. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Here, Juniper has specifically identified at least 11 witnesses with unique and relevant knowledge who are based at its Sunnyvale headquarters. Hartman Decl., Ex. B at 11-13. Brazos also points out that Juniper has employees with relevant knowledge based in neither Texas nor California, and claims that Brazos is

headquartered in Waco.[1]  Opp. at 10-11.  But these Juniper employees "will likely have to leave home for an extended period of time and incur travel, lodging, and related costs" wherever the case is tried.  *In re Apple Inc.*, 979 F.3d 1332, 1342 (Fed. Cir. 2020).  "The convenience of having several party witnesses be able to testify at trial without having to leave home" outweighs any inconvenience to witnesses located in neither district.  *In re Tracfone Wireless, Inc.*, 2021 WL 1546036, at *3 (Fed. Cir. Apr. 20, 2021).  In *Tracfone*, there were only four party witnesses in the transferee district (*id.* at *1); here, there are at least 11.  Brazos tries to distinguish *Apple*, *Adobe*, and *Tracfone* only by quibbling over how many witnesses are a "substantial number" and claiming to be based in Waco.  Opp. at n.17.  Brazos's attempts to muddy the waters aside, this is not a close call.  At least 11 relevant witnesses are in Sunnyvale and at most one is in Waco.  Witness convenience strongly favors transfer, and the Court should reject Brazos's invitation to "clearly misappl[y] the law" by finding otherwise.  *Tracfone,* 2021 WL 1546306 at *3.

B.   **Access to Sources of Proof Strongly Favors Transfer**

Brazos cannot dispute that "the bulk of the relevant evidence" will come from Juniper. Mot. at 9.  Nor can Brazos deny that Juniper keeps most documents and source code related to the Accused Products at its Sunnyvale headquarters.  Mot. at 4, 8-9; Martinez Decl., ¶ 12.  Unable to overcome these undisputed facts, Brazos argues that Juniper's electronically-stored documents could in theory be accessed from this District.[2]  Opp. at 5-7.  That is not the standard: courts

---

[1]  Brazos identifies at most one potential witness in Waco—and even that is being generous.  Mr. Hogan's "knowledge about Brazos's business operations" (Opp. at 11) has nothing to do with the question of whether the patents-in-suit are valid and infringed.  Brazos's in-house counsel, the unnamed Baylor students it claims to have hired, and the future employees it hopes to hire (*id.* at 12) are not potential witnesses and thus their location is irrelevant.  So are Brazos's "[s]elf-serving statements about [California-based Brazos officers'] willingness to travel to" this District.  *SITO Mobile R&D IP v. Hulu, LLC*, 6:20-cv-00472-ADA, 2021 WL 1166772 at *4 (W.D. Tex. Mar. 24, 2021).

[2]  Brazos ignores that Juniper employees in this District do not have access to confidential technical documents or source code related to the Accused Products.  Hartman Decl., Ex. B at 9.

assessing this factor consider "where the parties store documentary evidence." *Parus Holdings Inc. v. LG Elecs. Inc.*, 2020 WL 4905809, at *2 (W.D. Tex. Aug. 20, 2020). Brazos then asserts that Juniper has servers and source code repositories in places other than California. Opp. at 6. This too ignores controlling law. *Apple*, 979 F.3d at 1340 ("[T]he movant need not show that all relevant documents are located in the transferee venue"). Here, the vast majority of the evidence related to the Accused Products is in Sunnyvale. Martinez Decl., ¶ 12. And while this factor favors transfer even where "some sources of proof can be identified in the [transferring] district" (*Apple*, 979 F.3d at 1340), here there are **no** relevant documents or evidence in Texas.[3] This Court recently held, in a case with similar facts and on which Brazos heavily relies (Opp. at 6-7), that this factor favored transfer because "the physical location of [the moving party's] electronic documents is the NDCA." *Kuster v. Western Digital Techs., Inc.*, 2021 WL 466147 at *4 (W.D. Tex. Feb. 9, 2021); *see also SITO*, 2021 WL 1166772 at *4 (similar). So too here.

### C.   Ability to Compel Third-Party Witnesses Favors Transfer

Brazos identifies no unwilling witnesses that are subject to this Court's subpoena power. And this Court has no more power to subpoena individuals located in "Virginia, New Jersey, Maryland, Massachusetts, Ohio, India, [or] Canada" than does the Northern District of California. Opp. at 8-9. By Brazos's admission, four prior art witnesses are in the Northern District of California and two inventors are in other districts in Texas. Opp. at 7-9. This factor favors transfer.

### D.   Other Practical Considerations is Neutral

Brazos invites the Court to do exactly what the Federal Circuit forbids: rely on the fact that "the parties have been litigating these cases" (Opp. at 13) while Juniper's motion to transfer (and

---

[3] The "patent-related documents and relevant correspondence and records from the USPTO" that Brazos identifies (Opp. at 7) are publicly available government records. To the extent those documents have a physical location, it would be Washington, D.C., not Waco.

motion to stay; *see* Dkt. 36) sat idle on the docket. *Apple*, 979 F.3d 1343-44 ("the district court legally erred in concluding that the merits-related steps it had taken weighed heavily against transfer."). Here, just as in *Apple*, **every** substantive step the parties have taken—including the three IPRs Juniper has filed (Opp. at 13)—was "taken *after* [Juniper] moved for transfer." *Id.* The Court should decline Brazos's invitation to disregard Federal Circuit precedent.

## II.     THE PUBLIC FACTORS SUPPORT TRANSFER

### A.     Administrative Difficulties Supports Transfer

Brazos asks the Court to find that this factor weighs against transfer because the Court has set a trial date for July 2022. Opp. at 14. The Federal Circuit has rejected such speculative arguments. *Apple*, 979 F.3d at n. 5. The Federal Circuit has explained that a court cannot conclude, on the basis of an early trial date alone, "that other forums that historically do not resolve cases at such an aggressive pace are more congested for venue transfer purposes." *Id.* at 1344. And as a practical matter, there were over 800 patent cases filed in this District in 2020—over 16 new patent cases per week. It is unlikely that all of those cases will go to trial on the scheduled trial dates. The congestion from this Court's busy patent docket supports transfer.

### B.     Local Interest Strongly Favors Transfer

Brazos cannot dispute that the local interest favors transfer where the defendant "researched, designed, and developed the accused functionality" in the transferee district or that Juniper researched, designed, and developed the accused functionalities in Sunnyvale. Mot. at 12-13 (citing *Hammond Dev. Int'l, Inc. v. Google LLC*, No. 1:20-cv-00342-ADA, 2020 WL 3452987, at *5 (W.D. Tex. June 24, 2020)). Instead, Brazos tries to confuse the issue with a series of incorrect and/or irrelevant arguments.

First, Brazos relies on the unremarkable fact that Juniper has sold and serviced a reasonably large quantity of Accused Products in Texas. Opp. at 3-4, 15. But Brazos's argument that

Juniper's sale of Accused Products in Texas creates a local interest in this District is wrong.[4] *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue"). Brazos also asserts that its office is in this District and describes various things it purportedly does (or plans to do) here, none of which have anything to do with "the events that gave rise to" this lawsuit. Opp. at 2-3, 15; *Apple*, 979 F.3d at 1345. Brazos's argument boils down to the idea that a non-practicing patent plaintiff's forum-shopping decision creates a local interest in whatever venue it picks. That argument has no basis in law or logic.

Brazos then attempts to rely on Juniper's former Austin office to create a local interest here. But as Juniper's motion pointed out, none of the research, design, or development of the accused functionalities took place at that office. Mot. at 13. Moreover, Juniper's Austin office closed on March 31, 2021. Hartman Decl., Ex. L at 11-12. Thus, even if Juniper's Austin office ever created any local interest in this District (it did not), that interest no longer exists. The *Apple* court found that this factor favored transfer even though Apple's "general contacts with the forum that are untethered to the lawsuit" were large and growing. 979 F.3d at 1345-46. Here Juniper's presence, equally untethered to this lawsuit, is small and shrinking.

### III. CONCLUSION

The facts supporting transfer here are more compelling than those in *Apple, Adobe,* or *Tracfone*. Juniper thus respectfully asks that the Court grant its motion to transfer.

---

[4] In any event, this factor measures the *relative* interests of the two venues, and Juniper's sales of Accused Products in California—which Brazos conspicuously chose to exclude from its exhibit—dwarf its sales of Accused Products in Texas over the same time period. *Compare* Hartman Decl., Ex. M. *with* Reed Decl., Ex. A.

DATED:  April 30, 2021	Respectfully submitted,

By	/s/ B. Russell Horton
B. Russell Horton
rhorton@gbkh.com
George Brothers Kincaid & Horton LLP
114 West 7th Street, Suite 1100
Austin, TX 78701
Telephone: (512) 495-1400
Facsimile: (512-499-0094

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
Todd Briggs
toddbriggs@quinnemanuel.com
Margaret Shyr (*pro hac vice*)
margaretshyr@quinnemanuel.com
Joseph E. Reed (*pro hac vice*)
joereed@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Nima Hefazi *(pro hac vice*)
nimahefazi@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for Defendant*
*Juniper Networks, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 30, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated:   April 30, 2021            /s/ B. Russell Horton_____
                                   B. Russell Horton