# EXHIBIT A

| | |
|---|---|
| **From:** | Hannah Santasawatkul <Hannah_Santasawatkul@txwd.uscourts.gov> |
| **Sent:** | Monday, May 10, 2021 1:21 PM |
| **To:** | Russ Horton |
| **Cc:** | Todd Briggs; Joseph E. Reed; Nima Hefazi; Margaret Shyr; Dallas Bullard; Joshua Scheufler; Stein, David M.; Naughton, Edward J.; Lecaroz, Rebecca MacDowell; Messing, Alessandra C.; Hartman, Sarah G.; Rousseau, Timothy J.; Mena, Yarelyn; Ray Mort; Kelly Seabolt |
| **Subject:** | RE: Case 6:20-cv-00903-ADA WSOU Investments LLC  v. Juniper Networks, Inc.; Request for Discovery Hearing |

**CAUTION:** External E-mail. Use caution accessing links or attachments.

Good afternoon Counsel,

The intention of the Court's standing order was to set deadlines for the latest certain deadlines could be set; for example, discovery should be completed no later than six months after filing and response is two weeks after completion of discovery. The six months of discovery is normally freely given and a default when the parties cannot agree to a different schedule.

When setting deadlines, you should have also set deadlines for the close of discovery as it is customary to set the briefing schedule for after the close of discovery. As such, the Court understands why plaintiff would have expected discovery to close when briefing started. However, you failed to delineate such a deadline and the discovery deadline by default is six months. The Court also notes that "new evidence" may be presented in a reply/sur-reply as long as long as such evidence is within the scope of the prior briefs and is not in the context of new arguments.

Additionally, the Court normally would not acknowledge a "reservation of a right to supplement a reply" by right, as you would have to request leave of Court to supplement your reply. The Court is displeased that you did not raise this issue with the Court as it arose and instead chose to file and "reserve rights." Counsel should have known such issues were implicated when Plaintiff filed its opposition and you should not have waited until now.

In the interest of making sure both Parties have everything they need and are not prejudiced, the Court will allow venue discovery to remain open until May 25, 2021. The Court does not want to give either side an advantage or multiple bites at the Apple due to discovery remaining open. As such, the Court will allow discovery to remain open throughout the briefing schedule.

The Court will allow Defendant to file one complete document as its Reply (within the Courts page limits) that may encompass any information from the 30b6 deposition or venue discovery by May 17, 2021. Please file a motion to withdraw your current Reply so it is not included in the record.

The Court will then allow Plaintiff to file a Sur-Reply by May 24, 2021 with a 5 page limit.

Please let me know if you have any other questions.

Best,
Hannah

1



**Hannah Santasawatkul**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas
Direct: 254-750-1520
Hannah_Santasawatkul@txwd.uscourts.gov

---

**From:** Russ Horton <rhorton@gbkh.com>
**Sent:** Saturday, May 8, 2021 4:57 PM
**To:** TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** Todd Briggs <toddbriggs@quinnemanuel.com>; Joseph E. Reed <joereed@quinnemanuel.com>; Nima Hefazi <nimahefazi@quinnemanuel.com>; Margaret Shyr <margaretshyr@quinnemanuel.com>; Dallas Bullard <dallasbullard@quinnemanuel.com>; Joshua Scheufler <joshuascheufler@quinnemanuel.com>; dstein_brownrudnick.com <dstein@brownrudnick.com>; Naughton, Edward J. <ENaughton@brownrudnick.com>; rlecaroz@brownrudnick.com; Messing, Alessandra C. <AMessing@brownrudnick.com>; Hartman, Sarah G. <SHartman@brownrudnick.com>; Rousseau, Timothy J. <TRousseau@brownrudnick.com>; Mena, Yarelyn <YMena@brownrudnick.com>; Ray Mort <raymort@austinlaw.com>; Kelly Seabolt <kseabolt@gbkh.com>
**Subject:** Case 6:20-cv-00903-ADA WSOU Investments LLC v. Juniper Networks, Inc.; Request for Discovery Hearing

**CAUTION - EXTERNAL:**

Judge Albright Clerks,

Juniper writes to request the Court's guidance regarding Juniper's notice of 30(b)(6) deposition of Brazos and Brazos's failure to provide a witness in response to that notice.

Per the Court's November 19, 2020 Standing Order Regarding Venue and Jurisdictional Discovery Limits For Patent Cases, venue discovery remains open for six months after the filing of a motion to transfer. Because Juniper filed its transfer motion on November 25, 2020, venue discovery is open until May 25, 2021. The Court did not order, and the parties did not agree to, an earlier cutoff. The parties discussed various possible briefing schedules; Brazos's proposal was to file its opposition on April 23 and for Juniper's reply to be due on April 30. Juniper never agreed to that schedule, but Brazos filed its opposition on April 23. Dkt. 46 (all docket cites are to Case No. 6:20-cv-00812-ADA). Brazos's opposition relied extensively on the declaration of Matt Hogan (Dkt. 46-1), which provided much of the support for Brazos's arguments as to the access to sources of proof, cost and convenience for witnesses, availability of compulsory process, and local interest factors. On April 26, Juniper served Brazos with a 30(b)(6) deposition notice seeking to take Brazos's deposition on, among other things, the statements in Mr. Hogan's declaration and the factual basis for those statements. The notice was similar to the 30(b)(6) deposition Brazos took in part regarding the statements of Juniper's declarant, Arthur Martinez. Juniper filed its reply brief on April 30 in accordance with the local rules (Dkt. 52) along with an objection to Mr. Hogan's declaration and notice of reservation of its right to supplement its reply on completion of the 30(b)(6) deposition. Dkt. 51. Juniper served an amended notice of 30(b)(6) deposition on May 4, 2021, and Brazos served objections and responses the next day.

The parties met and conferred on May 7, 2021, but were unable to reach agreement. Brazos has taken the position that venue discovery is closed and on that basis refuses to provide a 30(b)(6) witness. Brazos also maintains that no new evidence is permitted with a reply brief—a remarkable position given that Brazos submitted new evidence with a reply brief earlier this week. *See* Dkt. 54-1. Juniper thus requests the Court's guidance and, if the Court would find it helpful, a telephonic conference on the issue.

Respectfully,

Russ Horton

**Russ Horton | Partner**
**George Brothers Kincaid & Horton, L.L.P.**
**1100 Norwood Tower**
**114 West 7th St**
**Austin, TX 78701**
**(512) 495-1400**
**WWW.GBKH.COM**



George Brothers Kincaid & Horton, L.L.P. E-MAIL NOTICE - This transmission may be: (1) subject to the Attorney-Client Privilege, (2) an attorney work product, or (3) strictly confidential. If you are not the intended recipient of this message, you may not disclose, print, copy or disseminate this information. If you have received this in error, please reply and notify the sender (only) and delete the message. Unauthorized interception of this e-mail is a violation of federal criminal law.
This communication does not reflect an intention by the sender or the sender's client or principal to conduct a transaction or make any agreement or enter an attorney-client relationship by electronic means. Nothing contained in this message or in any attachment shall satisfy the requirements for a writing, and nothing contained herein shall constitute a contract or electronic signature under the Electronic Signatures in Global and National Commerce Act, any version of the Uniform Electronic Transactions Act or any other statute governing electronic transactions.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.